```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                         :
JOSE ANTONIO LLUILEMA GARCIA, *individually and* :
*on behalf of other similarly situated*,                 :
                                                         :
                        Plaintiff,                       :        20 Civ. 4323 (JPC)
                                                         :
           -v-                                           :        ORDER
                                                         :
FRANCIS GENERAL CONSTRUCTION INC. *et al.*,              :
                                                         :
                        Defendants.                      :
                                                         :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      Plaintiff Jose Antonio Lluilema Garcia has moved for default judgment against Defendants. Dkt. 88. On January 20, 2022, the Court made findings for liability but reserved judgment as to damages and attorneys' fees and costs. The Court since has reviewed Garcia's testimony from the February 22, 2022 inquest hearing, Dkt. 107-1, his affidavit of April 6, 2022, Dkt. 108, and his briefing in support of damages, Dkt. 109. Garcia, however, still has not provided all evidence necessary for the Court to determine his entitlement to damages. "Under New York law, the minimum wage can vary depending on where work was performed and how many people were employed by the firm." *Ayres v. Shiver*, No. 21 Civ. 473 (ERK) (PK), 2021 WL 3472655, at *3 (E.D.N.Y. Aug. 6, 2021). In New York City, for example, employers with more than ten employees must pay a higher wage than employers with ten or fewer employees. *Compare* N.Y.L.L. § 652(1)(a)(i), *with id.* § 652(1)(a)(ii). Yet Garcia has not provided evidence on how many people Defendants employed. Garcia also testified that he performed some work for Defendants outside of New York City. *See* Dkt. 107-1 at 11:14-15 (Garcia testifying that he worked on Long Island), 18:2-4 (same). Yet Garcia has not briefed how the Court should calculate the damages Defendants owe him for hours worked outside of New York City. *Cf.* N.Y.L.L. § 652(1) (varying minimum wage based on location). Instead, Garcia's damages

calculations only use New York City's minimum wage rate for large employers.  *See* Dkt. 107-2.

By June 6, 2022, Garcia shall:

1. File supplemental briefing addressing how where Garcia performed work for Defendants and the number of people Defendants employed affects the calculation of damages.  That briefing should also address how damages are to be to calculated when a person works part of the day in one location and part of the day elsewhere.  For example, if Garcia started work in the Bronx, *see* Dkt. 107-1 at 10:12-18 (detailing that Garcia typically started his workday in the Bronx), and then drove to a location in Nassau County, *see* N.Y.L.L. § 652(1)(b), how should the Court calculate damages for the day?

2. Submit evidence, such as in the form of a sworn affidavit, on how many employees worked for Defendants during the relevant period of June 6, 2014 to September 9, 2019.

3. Submit evidence, such as in the form of a sworn affidavit, on how many hours Garcia worked outside of New York City and which county he performed the work in.  *See* N.Y.L.L. § 652(1) (varying minimum wage in New York City, Nassau County, Suffolk County, Westchester County, and the remainder of the state).

SO ORDERED.

Dated: May 31, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge